HEMAN STANNARD, APPELLEE, V. ORLEANS FLOUR & OAT-
  MEAL MILLING COMPANY ET AL., APPELLANTS; E. S.
  KIRTLAND, APPELLEE.

FILED MARCH 14, 1913.  No. 17,097.

1. **Landlord and Tenant: LEASE: CONSTRUCTION.** A lease, like a deed,
   may be made for the purpose of securing liabilities existing and
   to be incurred; and when the conditions under which it is made
   and the subsequent conduct of the parties show that such was its
   purpose, there being no express provision in the lease to the con-
   trary, it will be so construed.

2. **Bills and Notes: BONA FIDE HOLDER.** The sale, indorsement and
   delivery of a promissory note does not necessarily constitute the
   purchaser a *bona fide* holder thereof for value without notice of
   existing equities.  In an action thereon by the purchaser, he must
   allege and prove that he is such *bona fide* holder, or the note will
   be subject to equities existing between the original parties.

3. **Judgment: LIEN.** Ordinarily the lien of a judgment extends only
   to the interest and rights of the judgment debtor in the property
   as existing at the date of the lien, or acquired during its exist-
   ence.

4. **———: LIENS: PRIORITY.** If a judgment creditor is a stockholder
   and largely interested in his judgment debtor, a corporation, and
   the corporation, with his knowledge and consent, enters into a
   contract with one K., pursuant to which K. advances money for
   improvements and repairs of the corporate property with the
   understanding that he is to be reimbursed out of the property so
   improved, the claim of K. for money so advanced will in equity be
   preferred to the lien of the judgment.

5. **Liens: PRIORITY: ACCOUNTING: APPEAL.** In an action to establish
   the priority of liens and foreclose the same, if a lien-holder has
   had possession of the property and paid expenses and received
   profits in controlling the same, the court should take an account
   of the profits and expenses and apply the net profits, if any, upon
   such lien.  If an appellant from the decree of the trial court did
   not insist upon such accounting at the trial and objected to the
   appointment of a referee to take such account, he will not be

entitled to a reversal in this court because such accounting was not taken.  Upon affirmance of the decree, the trial court can take such accounting before the sale of the property.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE.  *Affirmed.*

E. J. *Clements,* R. R. *Schick,* John *Everson* and *Thomas & Shelburn,* for appellants.

R. L. *Keester* and F. H. *Strout, contra.*

SEDGWICK, J.

The plaintiff brought this action in the district court for Harlan county to foreclose two real estate mortgages upon mill property situated in that county.  The defendant Kirtland answered, admitting the allegations of the plaintiff's petition, and alleged that he had a lien upon the property for improvements and machinery and for certain other liens paid by him, and asked that the same be adjudged a lien, subject only to the lien of the plaintiff. The defendants Mary A. Spear and Henry Wenholz answered, alleging judgment liens on the property and asking that they be made first liens thereon.  The court found that the liens of the plaintiff and of the defendant Kirtland were prior to those of the defendants Spear and Wenholz, and the defendants Spear and Wenholz have appealed.

On the first day of May, 1908, the defendant Orleans Flour & Oatmeal Milling Company, a corporation, was the owner and was operating the mill in question, and was largely indebted to various persons, including the bank of which the defendant Kirtland was president.  The mill property needed large repairs and improvements, and on that day the company entered into a contract with defendant Kirtland, whereby it leased the property to the defendant Kirtland for the term of 10 years.  The lease contained the following provisions:  "And the said party of the second part, in consideration of leasing of the prem-

ises as above set forth, covenants and agrees with the party of the first part to pay to said party of the first part as rent for same, the sum of the one-half profits, payable as follows, to wit: After deducting all expense from total profits, balance of profits to be divided equally every year on the 1st day of May, 1909, 1910, 1911, 1912, 1913, 1914, 1915, 1916, 1917 and 1918. Said first party to pay for all repairs and keep mill in first class order. Also the said second party to have privilege of putting in new machinery and material as is necessary to keep mill in first class repair and order, and such machinery and material used in repairing shall be the property of the said second party till paid for by said first party. Said milling and grain business to be run under the name of the Orleans Milling & Elevator Company, and all stock and grain bought after date of this lease shall be the property and under the supervision of E. S. Kirtland, party of the second part, during the life of this lease. And it is further covenanted and agreed, between the parties aforesaid, that profits due to party of the first part as rent on said premises shall be paid to party of the second part on the 1st day of May each year, during the life of this lease, to be applied on the indebtedness to the party of the second part until said second party is fully paid."

The appellants insist that under this lease the defendant Kirtland was required to operate the mill property for the full term of 10 years, and that he might purchase outstanding liens for the purpose of protecting his tenancy, but for no other purpose, and that he was in fact the real owner of the notes and mortgages upon which the plaintiff based his action, and that, as the defendant Kirtland could not maintain an action to foreclose his mortgage or other liens during the term of his tenancy, therefore the plaintiff could not maintain this action, and that the liens of the judgments of the appellants should be declared to be the first liens on the property. It was insisted that the trial court should have taken an accounting of the profits of the business while under the control

of the defendant Kirtland, and should have applied the same upon the claims of the defendant Kirtland. After the execution of this lease, the defendant Kirtland became the owner of the notes and mortgages constituting the plaintiff's claim, and afterwards sold and transferred them to the plaintiff. The defendant Kirtland also paid for improvements and repairs to the mill and mill property, amounting to $11,354.59.

There is some discussion in the brief as to whether the plaintiff is an innocent purchaser for value of the notes sued upon, without notice of the defenses interposed thereto, but that question is not presented by the record. There is no allegation in the pleadings that he is an innocent purchaser and purchased the notes without notice; nor is there any evidence tending to support such a contention. The plaintiff's claim must therefore be considered as it would be considered if now owned and held by the defendant Kirtland. The judgment of the defendant Mary A. Spear was entered in the district court for Harlan county on the 15th day of November, 1909; and, as it does not appear when the term began at which it was held, it must be considered as a lien from that date. The judgment was against the defendant Orleans Flour & Oatmeal Milling Company, and became a lien upon such interest as that company had in the property at that time. The judgment of the defendant Henry Wenholz was entered in the county court of Harlan county, and a transcript thereof was filed in the office of the clerk of the district court for that county on the 17th day of November, 1908, and became a lien upon the property in question from that date. It appears from the evidence that the defendant milling company had, at the time of executing the lien to Mr. Kirtland, been conducting the milling business there, and was very much involved in debt, and that the property was in bad condition, needing repairs and improvements. To construe the terms of the lease and the rights of the respective parties thereunder, we should consider the existing conditions and the practical construction that the

parties themselves have given to the transaction. Mr. Olmstead, who was the president of the milling company, and had been in the active management of the business, continued in that capacity; and it appears that the company had neglected its corporate organization. The business was not being managed by the directors of the company, if indeed there was a board of directors, and the affairs of the company seem to have been left largely, if not entirely, in the hands of Mr. Olmstead. He continued in active participation in the management of the business after the execution of the lease. He ordered most, if not all, of the machinery and materials for improvements to the property, and himself, in the main, drew the checks in payment therefor, Mr. Kirtland furnishing the money.

Under these and other circumstances appearing in the record, it must be considered that the purpose of the lease was to furnish means to continue the business, and to secure Mr. Kirtland, and the bank he represented, in the claims held against the company. The improvements were mostly made before the judgment of Mary A. Spear became a lien upon the property, and her lien could not give her any greater rights as against Mr. Kirtland and his claim than were possessed by the company at the time her judgment became a lien. We think the trial court was right in preferring Mr. Kirtland's liens to her lien.

In his cross-petition Mr. Kirtland alleged that the defendant Wenholz participated in the organization of the defendant company, and was at the time of entering into the lease one of the principal stockholders therein; that Mr. Wenholz knew the conditions of the lease and the subsequent management, and made no objection thereto. These allegations are denied by Mr. Wenholz in his answer; but there is evidence tending to establish them, and no evidence to the contrary. Under these circumstances, the court was right in subjecting his lien to that of Mr. Kirtland.

The ordinary procedure would be to take an account of the rents and profits of the business and apply them upon

the claim of Mr. Kirtland in entering the decree. The evidence was taken at the April, 1910, term of court, and after finding the priority of liens the court appointed a referee to take such account, and the defendants Spear and Wenholz took an exception to the appointment of the referee. At the next term the court found that the referee had not reported, and proceeded to enter judgment upon his former finding. No objection appears to have been made to this by the parties now complaining. We cannot, therefore, reverse this judgment for this irregularity. If it should be desired by the parties, the trial court can proceed to take this accounting before ordering the sale.

We find no substantial error in the record, and the judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.